```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      HOT SPRINGS DIVISION

JAMES SOUTHALL AND LYNDA SOUTHALL                        PLAINTIFFS

     v.            Case. No. 6:10-CV-06019

LINCOLN LIFE & ANNUITY COMPANY OF NEW
YORK, STANDRIDGE INSURANCE AGENCY, INC.,
and STEVE STANDRIDGE, Individually                       DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

Before the Court are Separate Defendants Standridge Insurance Agency Inc. and Steve Standridge's Motion to Dismiss (Doc. 14), Defendants' Memorandum Brief in Support of Motion to Dismiss (Doc. 15), Plaintiffs James Southall and Lynda Southall's Motion to Remand (Doc. 19), Plaintiffs' Memorandum Brief in Support of Motion to Remand (Doc. 20), Plaintiffs' Response to Separate Defendants' Motion to Dismiss (Doc. 21), and Plaintiffs' Memorandum Brief in Support of Response (Doc. 22).[1]  For the reasons discussed below, Separate Defendants' Motion to Dismiss (Doc. 14) is **DENIED**, and Plaintiffs' Motion to Remand (Doc. 19) is **GRANTED.**

I.   Background

On January 19, 2010, Plaintiff filed suit against Separate Defendant Lincoln Life & Annuity Company of New York ("Lincoln") in Circuit Court of Pike County, Arkansas, alleging Lincoln

---

[1] Separate Defendant Lincoln Life & Annuity Company of New York did not join or file any response to Separate Standridge Defendants' Motion to Dismiss or Plaintiffs' Motion to Remand.

breached its contract with Plaintiffs when it canceled James Southall's life insurance policy (Doc. 2). On March 8, 2010, Lincoln timely filed a Notice of Removal to this court pursuant to 28 U.S.C. §§ 1441 and 1446(b), and on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. On April 1, 2010, Plaintiffs filed a Motion for Leave to File First Amended Complaint (Doc. 7). Separate Defendant Lincoln did not file a response to Plaintiff's Motion for Leave to File First Amended Complaint, and on April 22, 2010, the Court entered an Order granting Plaintiff's Motion (Doc. 8). On May 5, 2010, Plaintiffs filed its First Amended Complaint joining Steve Standridge and Standridge Insurance Agency, Inc. (the "Standridge defendants") as co-defendants in the lawsuit.

On June 23, 2010, the Standridge Defendants filed a Motion to Dismiss (Doc. 14), citing Federal Rules of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction). On July 7, 2010, the Plaintiff's filed a Motion to Remand (Doc. 19) arguing lack of subject matter jurisdiction.

**II. Discussion**

The moving parties similarly argue that the Court lacks subject matter jurisdiction because there is not complete diversity. The Standridge Defendants move the Court to dismiss the matter, and the Plaintiffs seek remand.

A Federal court will have subject matter jurisdiction either when the claims brought involve a Federal question or when there is diversity jurisdiction. *28 U.S.C. §§ 1331 and 1332*. A Federal question exists when the claims arise under the Constitution, laws, or treaties of the United States. *28 U.S.C. § 1331*. Diversity jurisdiction exists when there is complete diversity amongst the parties and the amount in controversy exceeds the sum or value of $75,000. *28 U.S.C. § 1332(a)*. Complete diversity requires that no defendant be a citizen of the same state as any plaintiff. *Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997)(citations omitted).

Section 1447(c) of Title 28 provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *28 U.S.C. § 1447(c)*. Section 1447(e) of Title 28 provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

While it is the general rule that jurisdiction, once having attached, will not be divested by subsequent events. However, there is this exception to the rule as follows: "[t]he plaintiff, after jurisdiction has attached, may so change his pleading voluntarily that the court will no longer have

3

jurisdiction on the face of the pleading.  If this is done, it then becomes the duty of the court to remand the case, if it be a removed case." *Highway Const. Co. v. McClelland*, 15 F.2d 187, 188 (8th Cir. 1926)(citations omitted).

On motion by Separate Defendant Lincoln, this matter was removed to this Court pursuant to diversity jurisdiction because of the civil action in which the amount in controversy exceeds the sum of $75,000 and there was complete diversity between the parties.  Following removal, the Plaintiffs filed its Motion for Leave to File First Amended Complaint, which set out the proposed joinder of the non-diverse Standridge Defendants.  Pursuant to 28 U.S.C. § 1447(e) the Court had the authority to deny Plaintiff's proposed joinder, or grant the joinder and remand the action.  The Court granted Plaintiff's Motion for Leave to File First Amended Complaint and permitted the joinder of the Standridge Defendants.  However, the Court did not order a remand.

It is undisputed that complete diversity does not exist.  The Plaintiffs are citizens and residents of Arkansas, the Standridge Defendants are citizens and residents of Arkansas, and Separate Defendant Lincoln, as a New York corporation with its principal place of business in the state of New York, is a citizen of New York.  Upon joinder of the Standridge defendants complete diversity was extinguished and subject matter

4

jurisdiction no longer existed.  Therefore, remand is proper pursuant to 28 U.S.C. § 1447(c).

Similarly, remand is proper pursuant to 28 U.S.C. § 1447(e).  The Court had discretion to either deny joinder of the non-diverse Standridge Defendants or permit the joinder and remand the matter.  It would be redundant for the Court, having granted joinder, to vacate the original Order only to re-issue a subsequent order permitting joinder but remanding the case.  In the interest of economy, a remand order now is proper.  Likewise, dismissal would not serve the interest of economy.  If the case is dismissed, the Plaintiff will likely re-file the matter in State court against both the Standridge Defendants and Lincoln, but that will require new pleadings, additional filling fees, and another service of process.  The same result can be accomplished more simply through remand.  Lastly, the Defendants have not raised, and the Court does not find, any issues regarding fraudulent joinder, therefore, remand is proper.  *See Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003)(holding "petitioner may avoid remand-in the absence of a substantial-federal question-only by demonstrating that the non-diverse party was fraudulently joined.")

Accordingly, the Court finds that remand of this matter based on a lack of subject matter jurisdiction is proper pursuant to both 28 U.S.C. §§ 1447(c) and 1447(e).  *28 U.S.C.*

5

*§ 1447(c); 28 U.S.C. § 1447(e); see Continental Cablevision of St. Paul, Inc. v. U.S. Postal Service*, 945 F.2d 1434, 1441 n.3 (8th Cir. 1991)(stating "[w]hen a federal court to which a case has been removed from a state court determines that it lacks jurisdiction, the proper action is not dismissal of the complaint, but remand to the state court.")(citations omitted).

**III.  Conclusion**

For the reasons stated above, Plaintiffs' Motion to Remand is **GRANTED**, Defendant's Motion to Dismiss is **DENIED as moot**, and this matter is **REMANDED** to the Circuit Court of Pike County, Arkansas.

**IT IS SO ORDERED** this 20th day of October, 2010.

*/s/ Robert T. Dawson*
Honorable Robert T. Dawson
United States District Judge